*701 OPINION.
Gbeen :
The petitioner claims exemption from taxation under section 231 (11) of the Revenue Acts of 1918 and 1921, and should it fail in this, it contends that the 6 per cent dividend paid its stockholders in accordance with section 1, article XIY of its by-laws is an allowable deduction from gross income. In any event, it contends that the respondent is barred by the statute of limitations from collecting the deficiency of $917.21 proposed for the fiscal year ended February 29, 1920.
Section 231 (11) of the Revenue Acts of 1918 and 1921 provides that the following organizations shall be exempt from taxation:
Farmers’, fruit growers’, or like associations, organized and operated as sales agents for the purpose of marketing the products of members and turning back to them the proceeds of sales, less the necessary selling expenses, on the basis of the quantity of produce furnished by them.
These sections grant exemption from taxation. They must be strictly construed and a taxpayer claiming exemption under them must prove clearly that it comes within their provisions. Appeal of Waynesboro Manufacturers Association, 1 B. T. A. 911.
We do not think the petitioner has succeeded in proving that it comes within the exemption clause. Article VIII of the petitioner’s by-laws provides that its capital stock shall consist of $100,000, rep *702 resented by 20,000 shares of the par value of $5 each; article IX provides that in order to become a stockholder a person must own at least one share; that no person shall own more than 1,000 shares; and article XIV provides that “After April 1st, 1916, there shall be set aside, monthly sufficient funds to pay the 6 per cent, dividends on the capital stock, to be declared at each annual meeting; the same to have preference over the monthly payments to patrons.” On December 31, 1921, there was a total of 262 stockholders of which 42 were of the nonproducing class. Under the terms of the by-laws it was possible for a nonproducing stockholder to own 1,000 shares of stock of the par value of $5,000, on which he would have preference of receiving $300 ,in dividends over the monthly payments to patrons while at the same time a producing stockholder who only owned one share of stock would be entitled to dividends of only 30 cents. The record does not show the amount of stock held by the 42 nonproducers, but it would have been possible for them to own over 98 per cent. Were that true we do not think the test in the statute is met which requires that the proceeds of sales (less the necessary selling expenses) be turned back “ on the hads of the quantity of prodxice furnished.” Furthermore, the statute grants exemption only to those associations that are organized and operated for the purpose of marketing the products of “members.” The petitioner marketed the products of “ nonmembers,” but to what extent we were not advised. In fact the evidence tells us very little of how the business of this petitioner was conducted. In the absence of proper evidence we must approve the respondent’s determination on this point.
Whether the 6 per cent fixed dividends on capital stock may be deducted from gross income in determining net income has already been decided adversely to the petitioner’s contentions. See Appeals of Sacred Heart Cooperative Mercantile Co., 2 B. T. A. 24; Farmers' Cooperative Association, 5 B. T. A. 61; and Trego County Cooperative Association, 6 B. T. A. 1275.
The petitioner contends that the respondent is barred by the statute of limitations from collecting the deficiency of $917.21 for the fiscal year ended February 29, 1920, which he, for reasons not shown by the record, assessed on March 14, 1927. It bases its contention on the ground that the consent executed by both parties on March 18, 1925, relates to the assessment only; that it was not valid beyond December 31, 1925; that the assessment being made after December 31, 1925, was invalid; and that the respondent having brought no suit or proceeding for the collection of the taxes within five years from May 12, 1920, the date it filed its return, the collection is now barred.
*703 Section 278 of the Revenue Act of 1924, which was in effect at the time the consent in question was agreed upon, provides in part as follows:
Seo. 278. (c) Where both the Commissioner and the taxpayer have consented in writing to the assessment of the tax after the time prescribed in section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.
Sec. 278. (d) Where the assessment of the tax is made within the period prescribed in section 277 or in this section, such tax may be collected by distraint or by a proceeding in court, begun within six years after the assessment of the tax. * * *
Counsel for the petitioner argues, however, that the period agreed upon in the consent was December 31, 1925, and that the excepting clause in the consent providing that “ if a notice of a deficiency in tax is sent to said taxpayer by registered mail before said date and * * * an appeal is filed with said Board, then said date shall be extended by the number of days between the date of mailing of said notice of deficiency and the date of final decision by said Board,” was ineffective. He argues further as follows:
It Is to be observed that an attempt to extend a date is made in this waiver, whereas such an extension is an impossibility. December 31, 1925, will remain December 31, 1925.
Section 27S (c) of the Revenue Act of 1924, which controlled this waiver question when the waiver was filed, provides: “(c) Where both the Commissioner and the Taxpayer have consented in writing to the assessment of the tax after the time prescribed in Section 277 for its assessment the tax may be assessed at any time prior to the expiration of the period agreed upon.” Article 1271 (6) of Regulations 65, which is the Commissioner’s own interpretation of the foregoing statute, also contains the words, “ expiration of the period agreed upon.” Now, while the Commissioner, in preparing this waiver, doubtless intended to provide for the extension beyond December 31, 1925, of the period within which the tax might be assessed in the event of an appeal to this Board, he failed to do so. A date and a period of time are not the same.
We see no merit in such an argument. The period here agreed upon for assessment of tax ended December 31, 1925, except that if the respondent mailed the petitioner a deficiency letter before December 31,1925, and the petitioner appealed to the Board, the period ending December 31, 1925, was to be extended by the number of days between the date of mailing of the letter and the date of final decision by the Board. We express no opinion as to the validity of the assessment made by the respondent on March 14, 1927, but in any event it is our opinion that the period within which a valid assessment may be made will not expire until twenty-nine days after our decision has become final. It follows that in accordance with section *704 278 (d) of the Revenue Act of 1926, the collection of such deficiency is not barred.

Judgment will be entered for the respondent.

Considered by Sternhagen, Lansdon, and Aeundell.